**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Stanley PINKO, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued June 18, 2002.
Filed Oct. 22, 2002.
Reargument Denied Dec. 20, 2002.

purchase of bar granted based on fraud; purchaser working under "handicap of inexperience").

Justin J. McShane, Harrisburg, for appellant.

Lisa A. Miller, Assistant District Attorney, Harrisburg, for Com., appellee.

Before: DEL SOLE, P.J., HUDOCK and BROSKY, JJ.

DEL SOLE, P.J.

¶ 1 This is a direct appeal following Appellant's conviction by a jury of false alarms to agencies of public safety in violation of 18 Pa.C.S.A. § 4905. The conviction stems from four separate incidents whereby Appellant called 911 from a pay phone falsely seeking "help." Appellant was sentenced to 60 months of intermediate punishment, all restrictive at the Dauphin County Work Release Center or, if appropriate, to inpatient treatment for his mental illness. Appellant's sentence is the basis for his appeal. We affirm.

¶ 2 On appeal Appellant questions whether the trial court abused its discretion in formulating this sentence which did not contain a minimum and maximum term in violation of 42 Pa.C.S.A. § 9755. He further asserts that the court abused its discretion in directing him to serve a sentence which does not impose a definite term of incarceration in violation of 42 Pa.C.S.A. § 9721(e). Although Appellant frames these issues as challenges to the court's discretionary rulings, these issues challenge the legality of Appellant's sentence. The matter of whether the trial court possesses the authority to impose a particular sentence is a matter of legality. *Commonwealth v. Williams*, 801 A.2d 584, 585 (Pa.Super.2002) citing *Commonwealth v. Anderson*, 434 Pa.Super. 309, 643 A.2d 109, 111 (1994). Thus, we need not determine whether Appellant's Brief raises a substantial question that the sentence imposed is not appropriate; instead we will examine the challenge to the legality of his sentence directly.

¶ 3 Appellant's initial contention is that he was sentenced in violation of 42 Pa.C.S.A. § 9755(b) which requires the imposition of a minimum and a maximum sentence. Section 9755 is titled "Sentence of partial confinement" and concerns the imposition of a sentence involv-

ing partial confinement. Therein, under subsection (b) the court is directed to impose a minimum sentence, not to exceed one-half the maximum sentence imposed. However, Appellant did not receive a sentence of partial confinement. Appellant was specifically ordered to serve a sentence of intermediate punishment. This type of sentence is one of the six sentencing alternatives set forth in 42 Pa.C.S.A. § 9721(a) which includes a choice between: (1) an order of probation, (2) a determination of guilt without further penalty, (3) partial confinement, (4) total confinement, (5) a fine or (6) intermediate punishment.

¶ 4 The provisions for a sentence of intermediate punishment are set forth in 42 Pa.C.S.A. § 9763, and the County Intermediate Punishment Act, 42 Pa.C.S.A. §§ 9801–9812. Unlike the provisions governing partial confinement, the imposition of a minimum and maximum term is not directed with regard to an intermediate punishment sentence. With regard to the term of sentence, Section 9763 directs:

> In imposing a sentence of intermediate punishment, the court shall specify at the time of sentencing the length of the term for which the defendant is to be in an intermediate punishment program established under Chapter 98 (relating to county intermediate punishment) or a combination of intermediate punishment programs. The term may not exceed the maximum term for which the defendant could be confined and the program to which the defendant is sentenced.

42 Pa.C.S.A. § 9763(a). The court in this case, which directed Appellant to serve 60 months of intermediate punishment, complied with the provisions governing the imposition of an intermediate punishment sentence.

¶ 5 We likewise find no merit to Appellant's claim that the court imposed a sentence without a definite term in violation of 42 Pa.C.S.A. § 9721(e). The court's order directs that Appellant's sentence shall be "sixty months intermediate punishment, all restrictive at the work release center or if appropriate inpatient treatment." Order of Court, 11/21/01. Although Appellant's placement at the work release center or at a facility for inpatient treatment was not determined by means of the court's order, the term of his punishment was set forth in a definite term of "sixty months." Accordingly, Appellant's claim is baseless.

¶ 6 Judgment of sentence affirmed.