**In re Matter of S.A.S.**

**Appeal of S.A.S., Appellant.**

Superior Court of Pennsylvania.

Submitted June 9, 2003.
Filed Dec. 17, 2003.

Paul J. Ryan, Lock Haven, for appellant.

Lori A. Rexroth, Assistant District Attorney, Lock Haven, for Commonwealth, appellee.

Before: LALLY–GREEN, KLEIN, and KELLY, JJ.

KELLY, J.

¶ 1 Appellant, S.A.S., appeals from the dispositional order entered in the Clinton County Court of Common Pleas, following his adjudication for possession of a small amount of marijuana.[1] Appellant asks this Court to decide whether the juvenile court erred when it entered an order of disposition subjecting him to an "indefinite" term of probation. For the following reasons, we hold that the juvenile court had the authority under the Juvenile Act to impose

---

1. 35 P.S. § 780–113(a)(31), possession of a small amount of marijuana. *See also* 35 P.S. § 780–113(g) (providing any person who violates Section 31 is guilty of misdemeanor and upon conviction shall be sentenced to imprisonment not exceeding thirty days).

upon Appellant a period of probation that exceeded the statutory maximum possible term of adult incarceration for the particular offense at issue. Accordingly, we affirm.

¶ 2 On August 16, 2002, Appellant, then age fifteen,[2] was found in possession of a small amount of marijuana. In a Juvenile Petition filed September 24, 2002, the Commonwealth charged Appellant with one count of Possession of a Small Amount of Marijuana. At an adjudication hearing in October 2002, Appellant entered a counseled admission. The trial court placed Appellant in foster care until a drug and alcohol evaluation could be conducted. On November 13, 2002, Appellant filed a Petition for writ of *habeas corpus* because a disposition hearing had not been scheduled within the requisite twenty-day time period. This petition was granted in a disposition hearing held on November 20, 2002, during which the court returned Appellant to the legal and physical custody of his father. The court also placed Appellant on probation "until further order of the court." This appeal followed.

¶ 3 On appeal, Appellant raises the following issue for our review:

> WHETHER [APPELLANT'S] DISPOSITION IS ILLEGAL GIVEN THAT HIS PROBATION EXTENDS FOR A PERIOD OF TIME LONGER THAN THE MAXIMUM PENALTY PERMITTED FOR THE OFFENSE OF POSSESSION OF A SMALL AMOUNT OF MARIJUANA[?]

(Appellant's Brief at 6).

¶ 4 Appellant argues it is illegal to sentence a minor for a period exceeding the statutory maximum penalty for an adult offender. Appellant concedes that the court's sentencing authority is controlled by the Juvenile Act. However, Appellant asserts that the Act is silent about whether a juvenile probation term can exceed the maximum adult penalty for the underlying crime. Because the Juvenile Act does not specifically empower the court to set a term of probation in excess of the maximum adult penalty for the underlying crime, Appellant concludes his "indefinite" probation is an illegal sentence that should be vacated. We disagree.

¶ 5 A "delinquent child" is defined as: "A child ten years of age or older whom the court has found to have committed a delinquent act and is in need of treatment, supervision or rehabilitation." 42 Pa. C.S.A. § 6302. The definition of "child" includes an individual who is under the age of 21 years who committed any act of delinquency before reaching the age of 18 years. *Id.*

¶ 6 The issue of whether a trial court possessed the authority to impose a particular sentence implicates the legality of the sentence.[3] *Commonwealth v. Pinko,* 811 A.2d 576, (Pa.Super.2002), *appeal denied,* —— Pa. ——, 833 A.2d 142 (2003); *Commonwealth v. Vasquez,* 560 Pa. 381, 388, 744 A.2d 1280, 1284 (2000). When a trial court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction. *Id.* at 388, 744 A.2d at 1284.

---

2. Appellant's date of birth is August 8, 1987.

3. We note our Supreme Court has not had occasion to address whether the statutory constraints regarding the discretionary aspects of sentencing apply to the review of dispositional orders in juvenile proceedings. *In the Interest of M.W.,* 555 Pa. 505, 510, n. 4, 725 A.2d 729, 731, n. 4 (1999). However, Appellant limits his challenge to the legality of the juvenile dispositional order under review, and does not challenge the discretionary aspects of his disposition. Thus, we decline to address what is not properly before us.

¶ 7 Section 6352 of the Juvenile Act[4] provides in relevant part:

**§ 6352. Disposition of delinquent child**

(a) **General rule.**-If the child is found to be a delinquent child the court may make any of the following orders of disposition determined to be consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation, and welfare, which disposition shall, as appropriate to the individual circumstances of the child's case, provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable the child to become a responsible and productive member of the community:

\* \* \*

(2) Placing the child on probation under supervision of the probation officer of the court or the court of another state as provided in section 6363 (relating to ordering foreign supervision), under conditions and limitations the court prescribes.

\* \* \*

42 Pa.C.S.A. § 6352(a)(2).

¶ 8 Furthermore, the Juvenile Act states:

**§ 6353. Limitation on and change in place of commitment**

(a) **General rule.**-No child shall initially be **committed to an institution** for a period longer than four years or a period longer than he could have been sentenced by the court if he had been convicted of the same offense as an adult, whichever is less. The initial commitment may be extended for a simi-lar period of time, or modified, if the court finds after hearing that the extension or modification will effectuate the original purpose for which the order was entered. The child shall have notice of the extension or modification hearing and shall be given an opportunity to be heard.

\* \* \*

42 Pa.C.S.A. § 6353(a) (emphasis added). With respect to **adult offenders**, Section 9754 of the sentencing code sets forth:

**§ 9754. Order of probation**

(a) **General rule**-In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision.

\* \* \*

42 Pa.C.S.A. § 9754(a).

¶ 9 We note, however, that juvenile proceedings are not criminal proceedings. *In re R.A.*, 761 A.2d 1220, 1223 (Pa.Super.2000).

Under the Juvenile Act, juveniles are not charged with crimes; they are charged with committing delinquent acts. They do not have a trial; they have an adjudicatory hearing. If the charges are substantiated, they are not convicted; they are adjudicated delinquent. Indeed, the Juvenile Act expressly provides an adjudication under its provisions is not a conviction of a crime. 42 Pa.C.S.A. 6354(a) . . . . These are not insignificant differences or the transposing of synonyms. The entire

---

4. 42 Pa.C.S.A. §§ 6301–6365.

juvenile system is different, with different purposes and different rules.

*Id.* at 1224 (some internal citations omitted).

¶ 10 In the instant case, we agree with Appellant that a juvenile's term of **commitment** may not exceed four years or the maximum term of imprisonment he could have received if convicted as an adult. *See* 42 Pa.C.S.A. § 6353. We also agree that under the **sentencing code** for adult offenders, a term of probation may not exceed the possible maximum term of imprisonment. *See* 42 Pa.C.S.A. § 9754(a). However, "juvenile proceedings are not criminal proceedings." *See In re R.A.* The Juvenile Act vests the court with authority to set a term of probation "under conditions and limitations the court prescribes," so long as the disposition is consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation, and welfare. *See* 42 Pa.C.S.A. § 6352(a)(2). The probation limitations set forth in the crimes code are simply inapposite to the Juvenile Act; the two statutes encompass independently different systems with different purposes and rules. *See In re R.A.* In contrast to the general adult sentencing code, the Juvenile Act empowers juvenile courts with wide latitude to render probationary terms that are appropriate to the individual circumstances of the child's case. *See* 42 Pa.C.S.A. § 6352(a)(2).

¶ 11 We hold that the juvenile court had the authority under the Juvenile Act to impose upon Appellant a period of probation that exceeded the maximum possible term of incarceration for the particular offense at issue and Appellant's disposition is not illegal. Nevertheless, Appellant's term of probation is still limited by the jurisdictional constraints of the Juvenile Act. *See* 42 Pa.C.S.A. §§ 6302, 6303. Moreover, given the quasi-open nature of

Appellant's probation, Appellant may choose to petition the Juvenile Court for relief at the earliest appropriate time. Accordingly, we affirm Appellant's dispositional order.

¶ 12 Order affirmed.