J-A08030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MATTHEW SCOTT STONE | |
| Appellant | No. 1438 MDA 2014 |

Appeal from the Judgment of Sentence entered on August 18, 2014
In the Court of Common Pleas of Tioga County
Criminal Division at No.: CP-59-CR-0000095-2014

BEFORE:  SHOGAN, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY WECHT, J.:                     **FILED JUNE 12, 2015**

Matthew Scott Stone appeals the judgment of sentence entered against him on August 18, 2014.  On July 8, 2014, Stone pleaded guilty to cruelty to animals, a misdemeanor of the first degree, **see** 18 Pa.C.S. § 5511(a)(2.1)(i)(a), and disorderly conduct, a summary offense, **see** 18 Pa.C.S. § 5503.  We affirm.

Stone has provided only a very brief statement of the facts underlying the charges that led to his conviction and the instant appeal.  The trial court, too, has not provided a factual summary in its opinion pursuant to Pa.R.A.P. 1925(a).  However, the following undisputed factual summary, which was read into the record at Stone's guilty plea hearing and was drawn

_____

[*]     Retired Senior Judge assigned to the Superior Court.

nearly verbatim from the affidavit of probable cause included with the underlying criminal complaint, suffices to establish the facts underlying this matter:

> [O]n January 22, 2014, at approximately 1:00[ ]pm, Trooper [Steven] Moyemont of the Pennsylvania State Police was in full uniform in a marked patrol unit when he returned to the Mansfield State Police Barracks to handle this incident. An animal cruelty case was referred to him by the State Dog Warden, Warden Tinder,[1] on this date. At that time he was advised that he—that there was information of an abandoned dog near the Gee's Historical Family Cemetery in Cummings Creek Road in Farmington Township located here in Tioga County.
>
> Tinder went to the location, took the deceased dog into custody from the—from that location; stated he received a phone call from a Crystal Stone regarding the deceased dog.
>
> Ms. Stone stated that the dog belonged to her former husband, Joshua Stone, located at 624 East Main Street in the Borough of Elkland, also in Tioga County.
>
> Tinder relayed to Trooper Moyemont that Crystal Stone drove to Wellsboro, identified the dog as her former husband['s]. . . .
>
> On January 24th of this year, 2014, a necropsy exam was performed by Doctor Alaire Smith Miller from Troy[,] PA[,] and that exam revealed the cause of the death was due to probably starvation over a period of time.
>
> On January 27th at approximately 9:30 pm Trooper Moyemont interviewed [Matthew Stone] at the . . . Pennsylvania State Police Barracks in Mansfield. At that time Mr. Stone was advised of his rights, warning, and waiver and he agreed to answer questions. He stated that his brother, Josh Stone, was working out of town. Josh did not want the dogs. [Stone] stated that he was told to get rid of the dogs. He could not afford to house the

---

[1] No first name for Warden Tinder appears in the record.

dogs and had to get rid of them.[2] [Stone] stated that on October 3rd[,] 2013, at an unknown time he drove to Cummings Creek Road . . . and placed the dog approximately twenty feet from the roadway in a locked plastic crate. Matt stated that the dog was still alive at the time he dropped it off; that he figured someone would see the dog and take it after he left. . . .

Notes of Testimony ("N.T."), 7/7/2014, at 2-4.

On August 18, 2014, after reviewing a presentence investigation and considering the court's sentencing options, the court imposed an intermediate punishment of eleven months' county incarceration to be followed by one month of house arrest. Upon release, Stone was to serve one year of probation.[3] As well, the trial court assessed various monetary sanctions in the form of restitution, fines, fees, and costs. **See** N.T., 8/18/2014, at 11-16. This sentence substantially exceeded the standard range of the sentencing guidelines, which recommended restorative sanctions to thirty days' incarceration. On August 27, 2014, Stone timely filed a notice of appeal.[4]

_____

[2] These are the only plural references in the record to dogs. However, it is clear from the record that only one dog was killed.

[3] In effect, the trial court imposed a sentence that approached the statutory maximum sentence. **See** 18 Pa.C.S. § 5511(a)(2.1)(ii) (prescribing a fine of not less than $1000 and incarceration of no more than two years).

[4] The trial court's failure to sentence Stone to a minimum and a maximum sentence of incarceration, with the former to be no longer than one half the latter, **see** 42 Pa.C.S. § 9756(b)(1), is not inconsistent with the Sentencing Code. In **Commonwealth v. Pinko**, 811 A.2d 576 (Pa. Super. 2002), this Court rejected a challenge to the legality of a sentence on this

*(Footnote Continued Next Page)*

On September 2, 2014, the trial court entered an order directing Stone to file a concise statement of the errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), allowing Stone twenty-one days to do so. Thus, Stone had until September 23, 2014 to comply. However, he did not file a concise statement by that date. Consequently, on October 17, 2014, the trial court entered a Rule 1925(a) opinion in which the court noted Stone's failure to comply with the trial court's Rule 1925 order and correctly noted that an appellant typically waives all issues on appeal when he fails to file his concise statement in a timely manner. However, the trial court went on in its opinion briefly to review Stone's sentence, primarily citing the court's comments at sentencing as reflective of its reasoning. *See* Trial Court Opinion, 10/17/2014, at 1-2.

Thereafter, on October 23, 2014, Stone filed what he called a "*Nunc Pro Tunc* Defendant's [Rule] 1925(b) Statement," in which counsel for Stone averred that he failed to file a timely Rule 1925(b) statement "[d]ue to an error in coordinating with" Stone, and asked the court permit Stone to file a

*(Footnote Continued)* ————————

basis where the sentence in question expressly was identified as a sentence of "intermediate punishment," one of six sentencing alternatives provided to the sentencing court pursuant to 42 Pa.C.S. § 9721(a). In **Pinko** we held that a trial court need not enter a minimum and maximum sentence when sentencing an offender under the County Intermediate Punishment Act, 42 Pa.C.S. §§ 9801-12. Consequently, the legality of this sentence, which this Court may review *sua sponte*, **see Commonwealth v. Pastorkovic**, 567 A.2d 1089, 1091 (Pa. Super. 1989), is not at issue in this case.

concise statement *nunc pro tunc*. He attached to that document his proposed concise statement. In that statement, in so many words, Stone raised only a challenge to the discretionary aspects of sentence. On October 24, the trial court entered an order denying Stone's request for *nunc pro tunc* relief.

It is well-settled that the untimely filing of a 1925(b) statement usually results in waiver of all issues on appeal. **See Commonwealth v. Castillo**, 888 A.2d 775, 776 (Pa. 2005). In **Commonwealth v. Hill**, 16 A.3d 484 (Pa. 2011), our Supreme Court explained as follows:

> Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement[] when so ordered[. This bright-line rule provides that a]ny issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), that must be applied here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." 719 A.2d at 309.

**Id.** at 494 (citation modified).

As set forth, *supra*, Stone filed no statement until October 23, 2014, one month after the prescribed September 23, 2014 deadline for filing his statement, and approximately one week after the trial court filed its Rule 1925(a) opinion without the benefit of Stone's statement. Thereafter, the trial court denied Stone's request for *nunc pro tunc* relief from the consequences of his failure to do so. Now, the trial court cites this failure as a basis for quashing Stone's appeal.

In the context of criminal cases, however, the **Castillo** rule has been qualified. Because defense counsel's failure timely to file a Rule 1925(b) statement constitutes *per se* ineffective assistance of counsel, **see Commonwealth v. Thompson**, 39 A.3d 335, 340-41 (Pa. Super. 2012), our Supreme Court formulated Pa.R.A.P. 1925(c)(3), which provides as follows:

> If an appellant in a criminal case was ordered to file a [concise statement] and failed to do so, such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a [s]tatement *nunc pro tunc* and for the preparation and filing of an opinion by the judge.

This Court also has held that "[w]hen counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed those issues we need not remand and may address the merits of the issues presented." **Thompson**, 39 A.3d at 340 (citing **Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009)). Because that is precisely the situation

- 6 -

presented in the instant matter, we need not remand; instead, in the interests of judicial economy, we will proceed to address Stone's appeal.

Before this Court, Stone states the following issue:

Did [the] sentencing court err in sentencing [Stone] to incarceration of a one[-]year imprisonment [*sic*] at the Tioga County Prison based on factors that constitute elements of the offense?

Brief for Stone at 2.

A claim that a sentence is excessive presents a challenge to the discretionary aspects of sentence. **Commonwealth v. Ahmad**, 961 A.2d 884, 886 (Pa. Super 2008). "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004). To obtain review of the merits of a challenge to the discretionary aspects of a particular sentence, an appellant must include a Pa.R.A.P. 2119(f) statement in his or her brief.[5] Therein,

_____

[5]    In pertinent part, Rule 2119 provides the following:

**(f)    Discretionary aspects of sentence.**  An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence.  The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of sentence.

Pa.R.A.P. 2119(f).

"the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." **McAfee**, 849 A.2d at 274. A substantial question requires a demonstration that "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005) (quoting **Commonwealth v. Mouzon**, 812 A.2d 617, 627 (Pa. 2002)). "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." **Id.** (quoting **Commonwealth v. Goggins**, 748 A.2d 721, 727 (Pa. Super. 2000) (*en banc*)) (emphasis in **Goggins**).

In order to properly present a discretionary sentencing claim, a defendant is required to preserve the issue in either a post-sentence motion or at sentencing and in a court-ordered Pa.R.A.P. 1925(b) concise statement. Further, on appeal, a defendant "must provide a separate statement specifying where the sentence falls in the sentencing guidelines, what provision of the sentencing code has been violated, what fundamental norm the sentence violates, and the manner in which it violates the norm." **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010).

Stone's Rule 2119(f) statement is perfunctory. Therein, Stone argues that "[t]he record clearly demonstrates a substantial question that the sentence[] was unfair and 12 times beyond [the] standard range, based on

18 Pa.C.S. § 5511(a)(2.1)(i)(a), this sentencing range could have sentenced [*sic*] [Stone] to [Restorative Sanctions], Probation to a maximum of 30 days in County Prison." This statement does little more than allude to the applicable sentencing guidelines and does not specify what provision of the sentencing code or sentencing norm has been violated. However, if the Commonwealth raises no objection to a violation of Rule 2119(f), this Court may ignore the violation. **Commonwealth v. Kiesel**, 854 A.2d 530, 533 (Pa. Super. 2004); **Commonwealth v. Raybuck**, 915 A.2d 125, 127 n.3 (Pa. Super. 2006). Thus, were this the only flaw in Stone's submission to this Court, we would be free to consider his argument on the merits. Unfortunately for Stone, it is not the only flaw.

In addition to the insufficiency of Stone's Rule 2119(f) statement, which is not necessarily fatal to his appeal, Stone also failed to raise any objection to the discretionary aspects of his sentence during sentencing or in a post-sentence motion. This Court has held that "[i]ssues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." **Commonwealth v. Watson**, 835 A.2d 786, 791 (Pa. Super. 2003) (quoting **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa. Super. 2003)). Furthermore, "[t]his failure is not cured by submitting the challenge in a Rule 1925(b) statement." **Id.** (citing **Commonwealth v. Kohan**, 825 A.2d 702, 706 (Pa. Super. 2003)).

The sentencing transcript in this matter reveals nothing that might be construed as a satisfactory objection to the trial court's exercise of its discretion in sentencing. Furthermore, the docket and the certified record contain no reference to any post-sentence motion or to an order denying same. Finally, in his brief, Stone does not indicate that he filed such a motion. Consequently, Stone's sentencing challenge is waived, and we may consider it no further.

Judgment of sentence affirmed.

Judge Shogan joins the memorandum.

Judge Strassburger files a concurring statement in which Judge Wecht joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/12/2015

- 10 -