J-S58025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

KEVIN ALAN SMITH, JR.

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 71 MDA 2016

Appeal from the Judgment of Sentence December 21, 2015
In the Court of Common Pleas of Columbia County
Criminal Division at No(s): CP-19-CR-0000668-2013
CP-19-CR-0000669-2013

BEFORE:  GANTMAN, P.J., BOWES AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 24, 2016**

Kevin Alan Smith, Jr. appeals from the aggregate judgment of sentence of nineteen to thirty-eight months of incarceration imposed following his entry of a guilty plea at two criminal cases.  We affirm.

The following facts are revealed by the affidavits of probable cause. On June 18, 2013, Columbia County adult probation officers stopped a vehicle for a suspected wanted person.  The officers requested assistance from Scott Township Police.  Sergeant Mike Grassley went to the vehicle and spoke to Appellant, who was seated in the rear.  The sergeant learned, upon consulting a database, that Appellant had several outstanding warrants. Appellant was thus removed from the vehicle and handcuffed; however, he

* Retired Senior Judge assigned to the Superior Court.

was able to escape. Sergeant Grassley gave chase and tackled Appellant, who continued to fight with the officer. Appellant was eventually subdued and placed in the police vehicle, where he kicked out the rear driver's side window. Sergeant Grassley hurt his shoulder during the incident. Appellant was charged at criminal action number 2013-668 with aggravated assault of a police officer, simple assault, resisting arrest, and two summary offenses.

Appellant was lodged in the Columbia County Prison for the aforementioned crimes. While there, he broke the window of his cell in an attempt to escape. As a result, Appellant was charged at criminal action number 2013-669 with escape, criminal attempt (escape), institutional vandalism, and a summary offense.

Appellant waived his preliminary hearing at both cases on August 7, 2013, and informations were filed later that month. The cases were postponed several times over the ensuing two years, largely at Appellant's request.[1]

---

[1] From October 30, 2013 through January 4, 2014 the cases were postponed for a psychological evaluation. From January of 2014 through August of 2014, Appellant's attorney filed postponements that indicated the parties were discussing a plea.

Additionally, Appellant was recommitted, on April 7, 2014, to a state correctional institute as a result of a parole revocation. N.T. Sentencing, 12/21/15, at 7. The certified record reveals that at least one postponement occurred due to difficulties securing Appellant's presence from the facility.

On September 14, 2015, Appellant entered a guilty plea.[2] Appellant pleaded guilty at case number 2013-668 to the counts of simple assault and resisting arrest. At case number 2013-669, he entered a plea to the offenses of criminal attempt (escape) and institutional vandalism. All remaining counts were withdrawn.

The parties appeared on December 21, 2015 for sentencing. Appellant, who had a prior record score of four, informed the court that he has a diagnosis of borderline personality disorder, bipolar disorder, and had undergone twenty hospitalizations, including a sixty-day stay at Torrance State Hospital. N.T. Sentencing, 12/21/15, at 3-4. At case ending 669, he received a sentence of fifteen to thirty months for the criminal attempt (escape) charge, with a concurrent period of three to six months for institutional vandalism. In the other case, Appellant received a sentence of four to eight months incarceration at the simple assault charge, set to run consecutively to the sentence imposed at 2013-669. As to the remaining charge of resisting arrest, Appellant received a concurrent sentence of three to six months incarceration.

Appellant timely filed a post-sentence motion requesting a sentence modification, averring that the judge failed to take into consideration his

---

[2] A transcript of these proceedings does not appear in the certified record.

extensive mental health history. The motion was denied by order docketed January 6, 2015.

Appellant lodged a timely notice of appeal and complied with the order to file a Pa.R.A.P. 1925(b) statement. The trial court issued its Rule 1925(a) opinion on April 8, 2016, and the matter is now ready for our review. Appellant raises two claims, both implicating the discretionary aspects of his sentence.

> 1.    Whether the [t]rial [c]ourt abused its discretion in sentencing the Appellant[?]
>
> 2.    Whether the [t]rial [c]ourt erred when it failed to consider the Appellant's mental health in his sentence[?]

Appellant's brief at 5.

Preliminarily, we note that "there is no absolute right to appeal when challenging the discretionary aspect of a sentence." *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa.Super. 2008). An appellant must first satisfy a four-part test to invoke this Court's jurisdiction. We examine

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa.Super. 2013) (citation omitted).

Herein, the first three requirements of the four-part test are met: This appeal is timely, a post-sentence motion challenged the issue raised herein, and Appellant's brief includes a separate Pa.R.A.P. 2119(f) statement preceding the argument portion of the brief.

We next determine whether Appellant raises a substantial question permitting our review of the discretionary aspects of the sentence imposed. The Rule 2119(f) statement reads:

> The [t]rial [c]ourt sentenced the Appellant to fifteen (15) months to thirty (30) months. The [t]rial [c]ourt failed to take into consideration various important factors in this sentence, such as the Appellant's mental health history. Accordingly, this case should be remanded for a new sentencing hearing.

Appellant's brief at 5-6.[3] The Commonwealth argues that this statement fails to raise a substantial question. We agree.

The determination of whether there is a substantial question is made on a case-by-case basis, and we will grant the appeal "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Moury*, 992 A.2d 162, 170

---

[3]  We note that while Appellant has lodged this appeal at both criminal numbers, the brief itself addresses only the sentence imposed at the criminal attempt (escape) count.

(Pa.Super. 2010) (quoting **Commonwealth v. Sierra**, 752 A.2d 910, 912-913 (Pa.Super. 2000)).

In **Commonwealth v. Haynes**, 125 A.3d 800, 807 (Pa.Super. 2015), we found the appellant failed to raise a substantial question where he asserted that the trial court "failed to consider his mental health issues and rehabilitative needs." **Id.** (citing appellant's brief). We stated:

> [T]his Court has held on numerous occasions that a claim of inadequate consideration of such factors does not raise a substantial question for our review. We point out that Haynes does not allege that the trial court was unaware of his mental health issues or his rehabilitative needs. Indeed, Haynes has not raised an issue that his sentence is "(1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Thus, we conclude that this claim fails to present a substantial question for review.

**Id**. at 807 (citations omitted). The same is true here: Appellant's Rule 2119(f) statement does not allege that the court was unaware of the mental health issues. While Appellant posits that there are other factors the court failed to consider, those items are not delineated. **See Commonwealth v. Provenzano**, 50 A.3d 148, 154 (Pa.Super. 2012) (reviewing court cannot look beyond the statement of questions presented and the 2119(f) statement to determine whether a substantial question exists). Thus, Appellant's sentencing claim appears to be little more than a challenge to the court's weighing of all sentencing factors, including rehabilitative needs posed by the purported mental health issues and the other factors, whatever

those may be. Appellant fails to allege anything that warrants a departure from *Haynes* under our case-by-case approach. Therefore, we find Appellant has failed to present a substantial question.

Even if Appellant had raised a substantial question, we would not find an abuse of discretion. Upon review of Appellant's substantive argument, it is clear the objection is not to the sentence itself but rather the choice of sentencing alternatives under Section 9721(a) of the Sentencing Code. Appellant asks us to find that, in light of his mental health issues, the sentencing court abused its discretion by sentencing Appellant to a state correctional institution rather than a mental facility. Appellant's brief at 7.

The Sentencing Code provides that the sentencing judge shall select from one or more of the following alternatives when imposing a sentence:

> (1) An order of probation.
> (2) A determination of guilt without further penalty.
> (3) Partial confinement.
> (4) Total confinement.
> (5) A fine.
> (6) County intermediate punishment.
> (7) State intermediate punishment.

42 Pa.C.S. § 9721(a).

We discern Appellant's argument to be that he should have been permitted to serve his sentence through some type of treatment plan. *See e.g. Commonwealth v. Pinko*, 811 A.2d 576, 577 (Pa.Super. 2002) ("Appellant was sentenced to 60 months of intermediate punishment, all restrictive at the Dauphin County Work Release Center or, if appropriate, to

inpatient treatment for his mental illness."). However, "The sentencer has broad discretion to choose a penalty from sentencing alternatives and the range of permissible confinements, provided the choices are consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant." *Commonwealth v. Childs*, 664 A.2d 994, 996 (Pa.Super. 1999) (quoting *Commonwealth v. Devers*, 546 A.2d 12, 13 (Pa. 1988)).

The trial court clearly did not abuse its discretion in this regard. The Pa.R.A.P. 1925(a) opinion, in addressing Appellant's sentencing challenge, states: "It is noted that [Appellant] has been placed in forensic units in the state correctional system, which is probably the best placement for him. The sentences handed down did, in fact, take into account the [appellant]'s extensive mental health diagnoses and history." Trial Court Opinion, 4/8/16, at 2-3 (original unnumbered). The sentences were within the standard range of the guidelines at all counts. Were we permitted to reach the merits, our standard of review limits our ability to vacate and remand in cases where the court sentenced within the guidelines. We may reverse only if applying the guidelines would be clearly unreasonable under the circumstances. 42 Pa.C.S. § 9781(c)(2); *See Commonwealth v. Macias*, 968 A.2d 773, 777 (Pa.Super. 2009) (defining unreasonable as decision that

is either irrational or not guided by sound judgment).  The sentence was within the guidelines and the choice to apply them was rational.[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/2016

---

[4]  We also note that Appellant specifically requested that any period of incarceration be imposed in a state facility instead of the county jail.  N.T. Sentencing, 12/21/15, at 7.