J-A07011-22

2022 PA Super 122

| IN THE INTEREST OF: C.K.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| | : | |
| | : | |
| APPEAL OF: C.K.M. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1973 EDA 2021 |

Appeal from the Order Entered August 20, 2021
In the Court of Common Pleas of Monroe County Juvenile Division at
No(s):  48 JUV 2016

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

OPINION BY DUBOW, J.:                                    **FILED JULY 15, 2022**

Appellant, C.K.M., appeals from the August 20, 2021 Order that denied Appellant's oral motion for release from juvenile placement on the basis that Appellant had been in placement beyond the time limitations set forth in Section 6353 of the Juvenile Act.  *See* 42 Pa.C.S. § 6353(a).  Upon careful review, we affirm.

The factual and procedural history of this case is undisputed.  Relevant to this appeal, on April 5, 2016, Appellant made an admission to one count of Indecent Assault as a misdemeanor of the first degree.  On April 25, 2016, the juvenile court held a Dispositional Hearing and ordered Appellant to be placed at the Mathom House, which the court concluded was the least restrictive type of placement that was consistent with the protection of the public and best suited to Appellant's treatment, supervision, rehabilitation, and welfare.  The juvenile court has held regularly scheduled review hearings

in accordance with the provisions of the Juvenile Act and Appellant has remained in placement, at various facilities, since the Dispositional Hearing. Appellant is currently placed at Adelphoi Village's Middle Creek Secure Sexual Offender Program.

On July 1, 2021, at a dispositional review hearing, Appellant made an oral motion for release from placement on the basis that his continued placement exceeded the statutory maximum for the same adult crime in violation of Section 6353 of the Juvenile Act. After reviewing submitted briefs, the juvenile court denied the motion for release. In its Order, the juvenile court found, "[t]he time limitation stated in Section 6353(a) applies only to the **initial** placement[,]" and the court found it was allowed to extend and modify Appellant's commitment after conducting timely dispositional and placement review hearings. Order, dated 8/20/21, at 1.

Appellant timely appealed.[1] Appellant filed a Pa.R.A.P. 1925(b) statement and the juvenile court relied on the reasoning in the August 20, 2021 Order in lieu of a Pa.R.A.P. 1925(a) opinion.

Appellant raises the following issue on appeal: "Does the Juvenile Act authorize a juvenile court to continue a juvenile's placement beyond the

---

[1] We find the order in question to be appealable as a collateral order pursuant to Rule 313 because it "is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b).

statutory maximum for the same adult crime?" Appellant's Br. at 4 (some capitalization omitted).

In his sole issue, Appellant is asking this Court to interpret and apply Section 6353 of the Juvenile Act. The interpretation and application of a statute is a question of law. *C.B. v. J.B.,* 65 A.3d 946, 951 (Pa. Super. 2013). As with all questions of law, we must employ a *de novo* standard of review and a plenary scope of review to determine whether the court committed an error of law. *Id.*

When interpreting a statute, this court is constrained by the rules of the Statutory Construction Act of 1972 (the "Act"). 1 Pa.C.S. §§ 1501-1991. The Act makes clear that the goal in interpreting any statute is to ascertain and effectuate the intention of the General Assembly while construing the statute in a manner that gives effect to all its provisions. *Id.* at § 1921(a). The Act provides: "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." *Id*. at § 1921(b). "It is well settled that the best indication of the General Assembly's intent may be found in a statute's plain language." *Cagey v. Commonwealth*, 179 A.3d 458, 462 (Pa. 2018). Additionally, we must presume that the General Assembly does not intend a result that is absurd, impossible of execution, or unreasonable. 1 Pa.C.S. § 1922(1). Moreover, the Act requires penal provisions of statutes to be strictly construed and any ambiguity in the language of a penal statute should be interpreted in the light

most favorable to the accused. **Commonwealth v. Hall**, 80 A.3d 1204, 1212 (Pa. 2013); **see also** 1 Pa.C.S. § 1928(b)(1).

As stated above, Appellant challenges the juvenile court's interpretation of Section 6353 of the Juvenile Act, which states, in relevant part:

> No child shall **initially** be committed to an institution for a period longer than four years or a period longer than he could have been sentenced by the court if he had been convicted of the same offense as an adult, whichever is less. The **initial** commitment may be extended for a similar period of time, or modified, if the court finds after hearing that the extension or modification will effectuate the original purpose for which the order was entered. The child shall have notice of the extension or modification hearing and shall be given an opportunity to be heard. The committing court shall review each commitment every six months and shall hold a disposition review hearing at least every nine months.

42 Pa.C.S. § 6353(a) (emphasis added).

Appellant avers that the juvenile court erred by finding that Section 6353 was unambiguous and then concluding that Section 6353 only placed a time limitation on a juvenile's initial period of commitment rather than a juvenile's total period of commitment. Appellant's Br. at 8. Appellant asserts that, contrary to the juvenile court's finding, the language of Section 6353 is ambiguous. **Id.** at 10-12. Appellant argues that it is ambiguous because it can be interpreted as either 1) limiting the total period of juvenile commitment or 2) limiting individual extensions of juvenile commitment. **Id.** at 12. Appellant further contends that the rules of statutory interpretation require that any ambiguity in the statute be resolved in favor of a juvenile. **Id.** at 14. Accordingly, Appellant argues, the juvenile court should have interpreted the

statute as limiting the **total** period of juvenile commitment and granted his motion for release. *Id.*[2]

Upon review, we discern no ambiguity in the statute. The plain language of the statute requires that a child's **initial** commitment to an institution does not exceed four years or the maximum sentence if the child had been convicted of the same crime as an adult, whichever is less. The statute also allows a court to extend or modify the **initial** commitment for a similar period of time—the lesser of four years or the maximum sentence if the child had been convicted of the same crime as an adult—if the court holds a hearing and finds that the extension or modification will effectuate the original purpose of the order. As stated above, we must presume that the General Assembly does not intend a result that is absurd, impossible of execution, or unreasonable. 1 Pa.C.S. § 1922(1). The General Assembly would not have referred to a child's initial commitment twice within the statute if they did not intend to distinguish a child's initial commitment period from the child's total

---

[2] In support of his argument, Appellant quotes a sentence of non-binding *dicta* from *In re S.A.S.*, 839 A.2d 1106 (Pa. Super. 2003), a case where the juvenile court imposed an indefinite term of probation. Appellant's Br. at 11. In *S.A.S.*, the appellant argued that his probation sentence was illegal pursuant to the commitment limitations set forth in Section 6353. On appeal, this Court concluded that Section 6353 did not place a time restriction on probation. *S.A.S.*, 839 A.2d at 1109. In reaching its conclusion, the *S.A.S.* Court discussed the distinction between a term of commitment and a term of probation. *Id.* However, since commitment was not at issue in that case, the Court's statements regarding commitment are non-binding *dicta*. *See In re. L.J.*, 79 A.3d 1073, 1081 (Pa. 2013). *S.A.S.*, thus, provides no precedential authority to support Appellant's argument.

commitment period. Accordingly, we hold that the time limitation stated in Section 6353(a) applies to a child's initial commitment period, rather than a child's total commitment period.

Moreover, Section 6353(a) permits a court to extend a child's initial commitment beyond four years, or for longer than the child could be sentenced if convicted of the same offense as an adult, if the court meets certain requirements outlined in the statute. Recent caselaw supports this result.

In *Commonwealth v. J.C.*, 199 A.3d 394 (Pa. Super. 2018), an analogous case, this Court affirmed a juvenile court's commitment of a juvenile offender beyond four years. Similar to Appellant, the juvenile in *J.C.* admitted to Indecent Assault as a misdemeanor of the first degree, an offense punishable by up to five years imprisonment.[3] *Id.* at 397 n.3. This Court found that the juvenile had notice of an extension or modification hearing prior to his four-year commitment anniversary, the juvenile had an opportunity to be heard, and the juvenile court made specific findings pursuant to Section 6353(a) and, therefore, concluded the juvenile court did not illegally commit

---

[3] Section 6353 prohibits a court from detaining a child for more "than four years or a period longer than he could have been sentenced by the court if he had been convicted of the same offense as an adult, whichever is less." 42 Pa.C.S. § 6353(a). Because four years is less than the potential five-year adult sentence, the statute prohibited the juvenile court from detaining the juvenile offender for more than four years unless the court met certain requirements.

- 6 -

the juvenile when the court extended his initial commitment beyond four years. *Id.* at 399-400.

Here, the juvenile court found the statute to be unambiguous and concluded that Section 6353 did not preclude the court from committing Appellant for longer than four years if the court followed certain procedures and made certain findings. The juvenile court opined:

> The time limitation stated in Section 6353(a) applies only to the initial placement, this court has conducted timely dispositional and placement reviews at which it has consistently and continuously been demonstrated that the juvenile is in need of continued treatment and poses a public safety risk until treatment is taken seriously and completed, and at which required findings were made and the juvenile's placements were [] continued, extended, and changed when necessary. Accordingly, the correct placement order stands.

Order, dated 8/20/21, at 1-2. We agree and discern no error in the juvenile court's denial of Appellant's motion for release.

In conclusion, our review of the record and relevant legal authority reveals that the juvenile court did not abuse its discretion when it concluded that the time limitation imposed in Section 6353(a) only applied to Appellant's initial commitment, rather than his total commitment, and denied Appellant's motion for release.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2022