2024 PA Super 300

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                               :                 PENNSYLVANIA
                                               :
                   v.                          :
                                               :
                                               :
                                               :
JOSHUA ANDREW SCIARRINO         :
                                               :
              Appellant                        :    No. 1726 MDA 2023

Appeal from the Judgment of Sentence Entered November 15, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0002230-2021


BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

OPINION BY BOWES, J.:                          **FILED DECEMBER 17, 2024**

Joshua Andrew Sciarrino appeals from the judgment of sentence of five years of restrictive probation imposed after his initial term of probation was revoked. We vacate and remand for resentencing.

The trial court summarized the background of this matter thusly:

> Following a jury trial that took place on January 30-31, 2023, . . . Appellant was found guilty of unlawful restraint and simple assault and not guilty of indecent assault. Appellant received a hung verdict for attempted rape. On June 26, 2023, . . . Appellant entered a negotiated plea to count 1[, which was] amended from attempted rape to indecent assault.
>
> On October 11, 2023, . . . Appellant was sentenced on count 1, the amended indecent assault charge, to two years of county probation, on count 3, unlawful restraint, to five years of restricted punishment, and on count 4, simple assault, to one year of county probation.

Trial Court Opinion, 2/9/24, at 1 (cleaned up). All sentences were run concurrently with each other. At sentencing, the trial court indicated that the

ultimate goal was for Appellant to have his supervision transferred to Colorado.

Barely one month later, on November 15, 2023, the court conducted a probation revocation hearing based upon a technical violation. Therein, it found that Appellant did not have a residence in Pennsylvania, and further that he could not have supervision transferred because he likewise lacked a Colorado address. The testimony also bore out that "local facilities were unwilling to take Appellant due to the nature of his convictions." *Id*. at 3. Accordingly, the court revoked Appellant's probation at count 3, unlawful restraint, and resentenced him to five years of restrictive probation at the Dauphin County Work Release Center. It did not revoke Appellant's probation with respect to the other two convictions. The court also stated on the record that it was giving Appellant time credit of thirty months and sixteen days, arising primarily from Appellant's pre-trial incarceration. The court again expressed that it would close out the case once Appellant took the necessary steps to secure transfer of supervision to Colorado. *See* N.T. Revocation Hearing, 11/15/23, at 8.

Appellant timely appealed and complied with the trial court's order to submit a statement of errors pursuant to Pa.R.A.P. 1925(b), arguing that his revocation sentence is illegal. The court in turn issued a responsive Rule 1925(a) opinion.

Appellant presents a single question for our consideration: "Whether the [c]ourt's revocation sentence is legal when the revocation penalty

constitutes a sentence effectively in excess of the statutory maximum period of confinement when time credit is considered, and the entire sentence is restrictive at the work release center?" Appellant's brief at 5.

We begin with the legal tenets pertinent to our review. "When the legality of a sentence is at issue on appeal, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Prince**, 320 A.3d 698, 700 (Pa.Super. 2024) (citation omitted). Additionally, we note that "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated." **Commonwealth v. Rivera**, 95 A.3d 913, 915 (Pa.Super. 2014) (citation omitted).

The Sentencing Code sets forth the sentencing alternatives a court may impose, which include both probation and partial confinement. **See** 42 Pa.C.S. § 9721(a). If a court imposes probation, it "shall specify at the time of sentencing the length of any term during which the defendant is to be supervised," and does not authorize imposition of both a minimum and maximum term. **See** 42 Pa.C.S. § 9754(a). Also, the court is permitted to impose restrictive conditions on probation that either:

> (1) house the person full time or part time, including inpatient treatment; or
>
> (2) significantly restrict the person's movement and monitor the person's compliance with [a] program, including electronic monitoring or home confinement.

42 Pa.C.S. § 9763(d).

On the other hand, in instances wherein probation would be inappropriate, "but it further appears that a sentence of total confinement would not be required in accordance with the criteria established in [§] 9725 (relating to total confinement), the court may impose a sentence involving partial confinement."  42 Pa.C.S. § 9724.  In such circumstances, the court is required to set both a minimum and maximum term for the partial confinement.  **See** 42 Pa.C.S. § 9755(b).  Additionally, while a court may combine a sentence of partial confinement and probation, it can only do so when "the maximum sentence of partial confinement imposed on one or more indictments to run consecutively or concurrently total [ninety] days or less." 42 Pa.C.S. § 9755(h)(2).

Throughout his brief and reply brief, Appellant proffers a two-tiered argument as to why his sentence is illegal.  He first contends that being sentenced to work release equates to "partial incarceration," not a restrictive condition of probation.  **See** Appellant's brief at 14; Appellant's reply brief at 5 (citing **Commonwealth v. Snyder**, 560 A.2d 165, 174 (Pa.Super. 1989)). As such, Appellant argues that pursuant to § 9755(h)(2), any periods of confinement must be less than a total of ninety days but that here, it could in theory last up to five years.  **See** Appellant's brief at 15.  He concludes that while the court labelled the sentence as one of restrictive probation, it is in actuality an incarceration sentence for a flat period and is therefore in violation of the minimum/maximum rule at § 9755(b).  **Id**. at 17.

Appellant alternatively maintains that if the sentence is in fact probationary, it is nonetheless illegal because it exceeds the statutory maximum of five years. This is so because Appellant previously accrued time credit while in jail, which cannot be applied to his probation sentence, only confinement sentences. *Id*. at 15-19; Appellant's reply brief at 1. Overall, Appellant purports that when factoring his thirty and one-half months of pre-trial confinement, the potential to be on restricted supervision for an additional five years exceeds the statutory maximum penalty of five years for his unlawful restraint conviction, a misdemeanor of the first degree.[1] *See* Appellant's brief at 16-17.

In response, the Commonwealth avers that Appellant mischaracterizes his sentence as consisting of partial confinement. *See* Commonwealth's brief at 11. It proclaims instead that the sentence is properly that of restrictive probation, and that the court expressly allocated time credit at sentencing, such that the period of supervision would not exceed the statutory maximum of five years. *Id*. at 10. The Commonwealth notes that the General Assembly sought to treat sentences involving restrictive probation and partial confinement differently, as evinced by each being listed as distinct sentencing alternatives in § 9721(a), and that Appellant conflates the two. *Id*. at 11. It

---

[1] *See* 101 Pa. Code § 15.66(b) (identifying that misdemeanors of the first degree carry a maximum imprisonment penalty of five years); 42 Pa.C.S. § 9754(a) ("In imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, **which term may not exceed the maximum term for which the defendant could be confined**[.]" (emphasis added)).

recounts that the impetus of the sentence imposed was to address Appellant's homelessness and to provide him with the benefit of county programs while he sought to have his supervision transferred to Colorado. *Id*. at 12. Therefore, the Commonwealth contends that the sentence is legal and in compliance with the permissible imposition of restrictive conditions for probation pursuant to § 9763(d).[2]

Upon review, we initially agree with the Commonwealth that Appellant's sentence does not constitute "partial confinement." In **Snyder**, the case upon which Appellant cites with no discussion, this Court merely analyzed provisions of the Vehicle Code and determined that "the sentencing judge is clearly permitted to consider assigning a prisoner to work release in any case where the person has received a sentence of imprisonment for driving under the influence." **Snyder**, 560 A.2d at 174 (quotation marks omitted). The **Snyder** Court did not hold that participating in work release, itself, equated to confinement.

Rather, we are guided by this Court's decision in **Commonwealth v. Pinko**, 811 A.2d 576 (Pa.Super. 2002), which Appellant also acknowledges in

---

[2] For its part, the trial court analyzed this issue as a challenge to the court's discretion in imposing the sentence. **See** Trial Court Opinion, 2/9/24, at 4-6 (discussing case law pertinent to abuse of discretion and the considerations required by a court before imposing sentence). As noted, however, Appellant's issue raises the legality of his sentence, not its discretionary aspects. The court's opinion did not discuss the distinction between partial confinement and restrictive probation, nor did it address the applicability of credit time to sentences of probation. This does not hinder our *de novo* review.

his principal brief. In that case, Pinko was sentenced to sixty months of intermediate punishment, "all restrictive at the Dauphin Counter Work Release Center or, if appropriate, inpatient treatment for his mental illness." *Id*. at 577. Like Appellant here, Pinko argued that this sentence ran afoul of § 9755 because it did not contain a minimum and maximum term, as required for sentences involving partial confinement. We rejected this claim, noting that the sentence imposed was intermediate punishment, not incarceration, and that it complied with the requirements set forth in the County Intermediate Punishment Act. *Id*. at 576. The *Pinko* Court specifically articulated that the sentence to Dauphin County's Work Release Center was not partial confinement. *Id*.

Appellant's sentence of five years to the same work release center is virtually identical to Pinko's, and therefore does not constitute partial confinement. Although the *Pinko* Court recognized the sentence therein to be "intermediate punishment," that classification no longer exists and has been subsumed by probation. *See Commonwealth v. Hoover*, 231 A.3d 785, 793 (Pa. 2020) (stating that in light of then-recent legislative amendments, "both county and state intermediate punishment programs now fall under the umbrella of probation"); *id*. at 790 ("Further, [§] 9763, which previously was titled 'Sentence of county intermediate punishment,' was retitled 'Conditions of probation,' and intermediate punishment is now

classified as a type of probation.")[3]. As the Commonwealth notes, pursuant to § 9763(d), restrictive conditions on probation may include restrictions that "house the person full or part time" or "significantly restrict the person's movement and monitor the person's compliance with [a] program[.]" 42 Pa.C.S. § 9763(d). Appellant has not persuaded us that he is serving a sentence of partial confinement, and therefore his arguments pertaining to any violation of § 9755 must fail.

Having concluded that Appellant's sentence is that of restrictive probation, we turn to his claim that the sentence is nevertheless illegal because it exceeds the statutory maximum. In his reply brief, Appellant acknowledges that the court purported to award him credit for time served while incarcerated but insists that this is a "legal nullity" because credit does not apply to probationary sentences. *See* Appellant's reply brief at 1. We are constrained to agree.

The statute governing time credit is clear that it applies to sentences that involve incarceration. In relevant part, it states: "Credit **against the maximum term and any minimum term** shall be given to the defendant for all time spent in custody as a result of the criminal charge **for which a prison sentence is imposed** or as a result of the conduct on which such a charge is based." 42 Pa.C.S. § 9760(1) (emphases added). As noted above, probationary sentences do not contain a maximum and minimum length, and

_____

[3] The amendment to § 9763 referred to by the *Hoover* Court became effective on December 18, 2019.

therefore fall outside the purview of the statute. Additionally, in other contexts, we have expressly interpreted § 9760 as being inapplicable to probation. *See Commonwealth v. Crump*, 995 A.2d 1280, 1284 (Pa.Super. 2010) ("The statutory language [of § 9760(1)] is clear that a person is entitled to credit toward his or her sentence if time is spent in custody. The statute does not address credit in relation to a probationary sentence.").

Our research has not uncovered any case standing for the proposition that credit time may apply to reduce a flat probationary sentence imposed by the trial court, and neither the Commonwealth nor the trial court cite any. Furthermore, "[i]t is well established that there is no constitutional right to credit for time served prior to trial or sentence." *Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa.Super. 2009). Thus, as it stands, the court's imposition of credit time is an illegal component of the sentence insofar as it lacks either statutory or constitutional authorization. Since the sentence imposed was particularly crafted in contemplation of and dependent upon the ineffective award of credit time, it must be vacated. *See Rivera*, 95 A.3d at 915.

We note that the trial court's intent was to impose a sentence of restrictive probation that would terminate upon the earlier of (1) Appellant having his supervision transferred to Colorado, or (2) five years less thirty months and sixteen days. *See* N.T. Revocation Hearing, 11/15/23, at 8 (the court stating: "Count 3, five years restrictive probation with time credit. We'll put him on work release. Once he gets the mental health evaluation and gets

set up in Colorado, we will close the case."). The court's aim would be achieved if Appellant were to be resentenced to restrictive probation for a period that is calculated by subtracting from five years all deemed appropriate credit time. Appellant acknowledges that this would correct any illegal sentence and satisfy his claims on appeal. *See* Appellant's brief at 19 ("This Court must either vacate the entirety of the sentence or clarify that he may only be held for the maximum period of time, five years less his time credit."); Appellant's reply brief at 1 (stating that if Appellant would have been sentenced to two years, six months, and six days of restrictive probation instead of five years with the purported credit, he "would have no argument").

As our disposition upsets the trial court's overall sentencing scheme, we vacate the judgment of sentence and remand for resentencing. If the trial court desires to give Appellant the benefit of credit for periods spent incarcerated or serving his initial probationary sentence, it may opt to reimpose a flat sentence of restrictive probation for a period of time equal to five years less any time credit to which the court believes Appellant is entitled.

Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/17/2024