J-A02009-20

2020 PA Super 131

| IN THE INTEREST OF: D.P., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| | : | |
| APPEAL OF: D.P., A MINOR | : | |
| | : | |
| | : | |
| | : | No. 408 WDA 2019 |

Appeal from the Order Dated January 8, 2019
In the Court of Common Pleas of Allegheny County Juvenile Division at
No(s): CP-02-JV-0001199-2018

BEFORE: SHOGAN, J., OLSON, J., and FORD ELLIOTT, P.J.E.

OPINION BY SHOGAN, J.: **FILED JUNE 2, 2020**

Appellant, D.P., appeals from the January 8, 2019[1] dispositional order entered in the Court of Common Pleas of Allegheny County, following his adjudication of delinquency for indecent assault of a person less than thirteen years old.[2] The order became final on January 22, 2019, when the post-disposition motion to reconsider was denied. After careful review, we affirm.

Appellant was charged with involuntary deviate sexual intercourse, aggravated indecent assault of a child, and indecent assault of a child, graded as a third-degree felony,[3] stemming from an incident between Appellant, then fifteen years old, and M.M., his nine-year-old cousin, occurring at the home of

_____

[1] We have corrected the caption to reflect that the appeal is from the dispositional order.

[2] 18 Pa.C.S. § 3126(a)(7).

[3] *See* Petition Alleging Delinquency, 6/22/18, at 3.

A.P. on March 17, 2018. A.P. is M.M.'s aunt and Appellant's biological aunt and adoptive mother. N.T., 10/11/18, at 45, 101.

After a day of shopping, M.M. and D.M., M.M.'s half-brother, spent the night at A.P.'s house. N.T., 10/11/18, at 97–98. M.M. testified that D.M. and Appellant came into the bedroom where she was sleeping, and Appellant tried to remove her pants. Although M.M. told Appellant to stop, Appellant continued pulling down her pants. *Id.* at 46. Appellant slapped M.M. in the face with his hand and with his "private part," and touched M.M.'s "middle part," scratching her. *Id.* at 47–48. M.M. also observed Appellant "doing something to her brother." *Id*. at 47. Appellant then tried to put his "private part" in M.M.'s "hole," but she pushed him away. *Id.* at 49. Appellant and D.M. left the room when the children heard A.P. get out of bed. *Id.*

The next day, M.M. told Janet Lamb, a family friend, that Appellant had hurt her and described the specifics of the assault. N.T., 10/11/18, at 23–26. Ms. Lamb relayed the information to M.M.'s father, R.M. *Id*. at 27. Ms. Lamb and Nicole Bender, R.M.'s fiancé, checked M.M. and observed "obvious scratch marks" or a "bite mark" on her vagina. *Id.* at 27–29.

Approximately two days later, the police became involved after M.M. and R.M. disclosed the assault to a school counselor. N.T., 10/11/18, at 28–29. On the responding officers' recommendation, R.M. and Ms. Bender took M.M. to Pittsburgh Children's Hospital. *Id.* at 29. The Commonwealth and defense counsel stipulated that M.M. was examined by Dr. Adelaide Eichman,

who reported that M.M. had a "very small abrasion on her left outer labia minora." *Id.* at 68.

The defense presented three witnesses at the October 11, 2018 adjudicatory hearing. D.M. testified that neither he nor Appellant went into M.M.'s bedroom on the night in question, and he denied that he saw Appellant doing anything inappropriate to his sister. N.T., 10/11/18, at 75–77. A.P. also testified and maintained that she would hear if any of the children got up and left their room and stated that she did not hear any such noises that night. *Id.* at 99–100. Appellant denied that he was in M.M.'s room and molested her on March 17, 2018, or on any other occasion. *Id.* at 110–112.

At the conclusion of the hearing, the trial court adjudicated Appellant delinquent of indecent assault of a child under thirteen, graded as a third-degree felony. At the dispositional hearing on January 8, 2019, the trial court ordered that Appellant be detained at the Shuman Juvenile Detention Center, pending placement at Harbor Creek Youth Services for treatment, supervision, and rehabilitation. Dispositional Order, 1/8/19, at unnumbered 1. After Appellant's motion for reconsideration of the dispositional order was denied, this timely appeal followed. Both the trial court and Appellant have complied with Pa.R.A.P. 1925.

Appellant presents one issue for review:

> Did the trial court impose an illegal sentence when it graded indecent assault of a person less than 13 years old at the felony three level, as the charging documents did not allege and the trial court did not state at the adjudicatory hearing that authorities were

- 3 -

proceeding under 18 Pa.C.S.A. § 3126(B)(3)(ii), which requires proof of a course of conduct of indecent assault?

Appellant's Brief at 5.

In Appellant's 1925(b) statement, he phrased his claim of error as a challenge to the sufficiency of the evidence to support an adjudication of indecent assault graded as a third-degree felony. The trial court reviewed the evidence and found M.M.'s testimony, including her representation that Appellant had previously assaulted her in a manner similar to the conduct under scrutiny, to be credible. It therefore concluded that Appellant's adjudication of indecent assault, graded as a third-degree felony, was sustainable. Trial Court Opinion, 5/1/19, at unnumbered 15.

In his appellate brief, Appellant reframes the issue as one implicating the legality of his sentence and submits that such questions are not subject to waiver. *See Commonwealth v. Hoffman*, 198 A.3d 1112, 1123 (Pa. Super. 2018) (a claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence). He then contends that the sentence was illegal because he was not on notice that the Commonwealth was proceeding under 18 Pa.C.S. § 3126(b)(3)(ii), "which requires proof of a course of conduct of indecent assault." Appellant's Brief at 14.

Appellant directs our attention to this Court's analysis and conclusion in *Commonwealth v. Popow*, 844 A.2d 13 (Pa. Super. 2004). In *Popow*, the appellant claimed that he was improperly sentenced for endangering the

welfare of a child as a third-degree felony "where (a) neither the information nor the evidence made out a course of conduct that would raise this charge from a first degree misdemeanor to a third-degree felony and (b) where the jury was not instructed to make a finding on course of conduct." *Id.* at 15–16. We agreed with the appellant, explaining that "in order to be graded as a third-degree felony, the Commonwealth must allege in the information and present evidence at trial of the additional factor of course of conduct, and the jury must be instructed on such." *Id.* at 18 (internal quotation marks omitted).

The Commonwealth counters Appellant's position that the holding in *Popow* controls the instant case by contending that the grading of an offense is not necessarily a non-waivable sentencing issue. More specifically, the Commonwealth contends that the Pennsylvania Supreme Court's decision in *Commonwealth v. Spruill*, 80 A.3d 453 (Pa. 2013), calls into question the continued validity of *Popow*.

Before we analyze the legality of the sentence issue, it is imperative to note that Appellant did not receive a sentence arising from a criminal conviction. Our Court has highlighted the distinction between adult and juvenile proceedings, as follows:

> Under the Juvenile Act, juveniles are not charged with crimes; they are charged with committing delinquent acts. They do not have a trial; they have an adjudicatory hearing. If the charges are substantiated, they are not convicted; they are adjudicated delinquent. Indeed, the Juvenile Act

expressly provides [that] an adjudication under its provisions is not a conviction of a crime. 42 Pa.C.S.A. § 6354(a). These are not insignificant differences or the transposing of synonyms. The entire juvenile system is different, with different purposes and different rules.

*In re L.A.*, 853 A.2d 388, 393 (Pa. Super. 2004) (quoting *In re S.A.S.,* 839 A.2d 1106, 1108–1109 (Pa. Super. 2003)). Nonetheless, for purposes of our discussion on waiver and preservation of sentencing issues, we consider the trial court's dispositional order as the functional, if not technical, equivalent of a sentence. *See In re J.G.*, 45 A.3d 1118, 1122 (Pa. Super. 2012) (discussing legality of sentencing concepts in evaluating a juvenile court's authority to award restitution as part of its dispositional order).

In *Spruill*, the appellee was charged with aggravated assault graded as a first-degree felony ("F1"); however, the crime as outlined in the bills of information encompassed the elements of both an F1 offense and second-degree ("F2") aggravated assault. After a nonjury trial, the trial court found the appellee guilty of F2 aggravated assault. The appellee did not object to the verdict nor did she object to the sentence premised on the conviction graded as an F2. *Spruill*, 80 A.3d at 455–456.

On appeal to this Court, the appellee asserted that the trial court erred when it found her guilty of aggravated assault because after filing the information, the Commonwealth abandoned the F2 charge. *Spruill*, 80 A.3d at 456. The Commonwealth argued that the appellee waived that issue by failing to object before the trial court and, in any event, it had not abandoned

the F2 charge. *Id.* We summarily rejected the Commonwealth's waiver argument, finding that we were presented with a non-waivable legality of sentence issue. *Id.* at 457. On the merits, we concluded that the Commonwealth abandoned the F2 aggravated assault charge and vacated the appellee's conviction. *Id.* at 458.

The Commonwealth sought review in the Pennsylvania Supreme Court limited to the "question of whether the claim upon which the [Superior Court] panel granted relief was non-waivable because it implicated the legality of appellee's sentence." *Spruill*, 80 A.3d at 458. The High Court, however, declared that the matter before it was "not whether a sentencing claim implicates the 'legality' of the sentence, so as to negate issue preservation principles; rather we have the more elemental question of whether the claim posed is a sentencing claim at all." *Id.* at 461. The *Spruill* Court then determined that the "claim sustained by the Superior Court involved [the] appellee's underlying conviction at trial, not the sentence the trial court imposed four months later." *Id.* Accordingly, the Court concluded that the appellee's failure to object to the verdict was not excused by the illegal sentence doctrine. *Id.*

After reaching this conclusion, the Court offered some guidance for deciding whether a claim involves the conviction and not the sentence. One pertinent inquiry should be whether the record suggests a fatal problem with the sentence. *Spruill*, 80 A.3d at 462. The Supreme Court additionally

observed that "fact-driven matters are particularly ill-suited to characterization as implicating 'sentencing illegality' . . . where . . . the claim depends upon particulars of the conviction." *Id.*

We do not read *Spruill* as a sweeping nullification of cases holding that the grading of an offense implicates the legality of the sentence. Rather, the decision directs reviewing courts to carefully scrutinize the substance of these purported non-waivable claims to ascertain whether the actual nature of the challenge is to the sentence or the conviction.

Applying the teaching of *Spruill* to the matter before us, it is clear that Appellant is contesting his adjudication of delinquency for indecent assault of a child, graded as a third-degree felony, and not the dispositional order. In support of his position that his sentence was illegal under *Popow,* Appellant does not reference the dispositional order in any regard. Thus, the record does not demonstrate a fatal flaw in the sentence itself. Additionally, Appellant's argument is plainly fact-driven as he is contesting whether he was on notice that the Commonwealth was proceeding under 18 Pa.C.S. §3126(b)(3)(ii), and whether there was sufficient evidence to demonstrate the "course of conduct" necessary to justify a third-degree felony grading. We, therefore, conclude that Appellant has not raised a non-waivable illegal sentencing issue before this Court. Accordingly, other than the portion of his appellate argument regarding the sufficiency of the "course of conduct" evidence, Appellant has waived review of his allegation regarding lack of

notice because he did not object below and failed to present the issue in his 1925(b) statement. **See** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement . . . are waived."); **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) (establishing a bright-line rule that "[a]ny issues not raised in a 1925(b) statement will be deemed waived.").

Regarding Appellant's claim that the Commonwealth's evidence was insufficient to demonstrate that he engaged in a course of conduct of indecent assault, the trial court found as follows:

> M.M. testified about being subjected to sexual maltreatment by [Appellant] prior to this incident in question stating twice during the hearing, which gave rise to a clear course of conduct that would require grading this at a felony three. M.M. testified to the past conduct as follows:
>
>> Whenever he used to do this to me whenever I was very little, like a little toddler when I used to come over, and he used to like—he did the same thing to me and he told me not to tell anyone because he like—(unintelligible)— he said he'd do it again, but he obviously did it again and again, and I didn't tell anyone. But I like—I didn't like it the last time, what he did to me so I told [an adult]. *Id.* at 50.
>>
>> He said I have a hole in my body, but I knew it was like probably located in my private part because one time he —whenever I was over his house like a different time, he stuck his finger inside of me. I don't know what it was but it felt very weird…. That happened when I was younger, but I don't—I can't remember the date ... he threatened me that he'd do it again ... I really didn't like it so I told. *Id.* at 66.

Trial Court Opinion, 5/1/19, at unnumbered 13.

The standard of review of a sufficiency of the evidence claim is to determine whether, "when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt." *Commonwealth v. Akhmedov*, 216 A.3d 307, 322 (Pa. Super. 2019) (citation omitted). Furthermore, a course of conduct is established with evidence of "multiple acts over time." *Commonwealth v. Kelly*, 102 A.3d 1025, 1031 (Pa. Super. 2014).

We agree with the trial court that M.M.'s specific testimony established Appellant's course of conduct of indecent assault.[4] Without prompting from the Commonwealth, M.M. described earlier occasions when [Appellant] sexually assaulted her "again and again." N.T., 10/11/18, at 50. This testimony established the "multiple acts over time" that a course of conduct requires. *Kelly*, 102 A.3d at 1031. Accordingly, Appellant's claim of insufficiency of the evidence does not warrant relief.

For the above reasons the order of disposition is affirmed. Order affirmed.

---

[4] We note that there was also testimony about questionable activity between Appellant and D.M. on the same night as the assault on M.M. Ms. Lamb recounted that M.M. told her that "[Appellant] also fondled [D.M.] in one way or another which I didn't go into any detail with her." N.T., 10/11/18, at 23. Additionally, M.M. revealed at trial that "[Appellant] was also like touching my brother in his middle part, too." *Id.* at 49.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/2/2020