J-S35017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN C LLOYD | : | |
| | : | |
| Appellant | : | No. 766 MDA 2021 |

Appeal from the PCRA Order Entered April 28, 2021,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s): CP-22-CR-0000653-2019.

BEFORE:   OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

JUDGMENT ORDER BY KUNSELMAN, J.:   **FILED: JANUARY 10, 2021**

Justin C. Lloyd appeals from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

The pertinent facts and procedural history may be summarized as follows:  On October 3, 2019, Lloyd pled guilty to multiple drug and firearm offenses.  On November 12, 2019, the trial court sentenced him to an aggregate term of five to ten years of imprisonment.  Lloyd did not file a post-sentence motion or a direct appeal.  On November 18, 2020, he filed a *pro se* PCRA petition, and the PCRA court appointed counsel.  On January 26, 2021, PCRA counsel filed a motion to withdraw and a "no-merit" letter pursuant to

_____

[*] Retired Senior Judge assigned to the Superior Court.

***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On February 3, 2021, the PCRA court issued a Pa.R.A.P. 907 notice of its intent to dismiss Lloyd's PCRA petition without a hearing. The court also granted PCRA counsel's motion to withdraw. Lloyd did not file a response. By order entered April 28, 2021, the PCRA court denied Lloyd's petition. This appeal followed.

Lloyd raises the following three issues on appeal:

> Was the search warrant and affidavit valid in this case? Was [Lloyd] able to make an intelligent decision when he signed [the guilty plea colloquy]? Was the sentence illegal?

Lloyd's Brief at 7.

Before addressing these issues, we must first determine if they are properly preserved for our review. Lloyd initially filed a timely appeal directly to this Court on May 20, 2021. We then forwarded the notice of appeal to the PCRA court and directed that the court update its docket to reflect that filing date. Thereafter, as explained by the PCRA court:

> On June 23, 2021, [the court] issued an order directing [Lloyd] to file a concise statement of [errors] complained of on appeal pursuant to Pa.R.A.P. § 1925(b). However, [Lloyd] failed to file said statement with [the court]. An appellant, if so ordered by the trial court, must file a concise statement of [errors] complained of on appeal. ***See*** Pa.R.A.P. § 1925(b). A failure to file such a statement will result in waiver of all issues. Pa.R.A.P. § 1925(b)(vii). We find that [Lloyd] has waived all issues as a result of failing to file a concise statement of [errors] complained of on appeal pursuant to Pa.R.A.P. § 1925(b).

PCRA Court Opinion, 8/9/21, at 2 (excess capitalization omitted).

Our review of the certified record supports the PCRA court's determination that Lloyd waived his issues by failing to file a Rule 1925(b) statement or errors when ordered to do so. ***See Interest of D.P.***, 233 A.3d 847, 852 (Pa. Super. 2020) (reiterating that issues not included in Rule 1925(b) statement are waived and will not be addressed on appeal). Thus, we affirm the order denying Lloyd post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2022