J-S16017-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: I.E.C., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: I.E.C., A MINOR | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 385 MDA 2024 |

Appeal from the Dispositional Order Entered January 29, 2024
In the Court of Common Pleas of Berks County Juvenile Division at
No(s):  CP-06-JV-0000202-2023

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY BOWES, J.:          **FILED: JUNE 16, 2025**

I.E.C. appeals from the dispositional order following his adjudication of delinquency for acts that would constitute the crimes of involuntary deviate sexual intercourse ("IDSI"), sexual assault, and indecent assault, if committed by an adult.  We affirm.

Nearly every day between January 2020 and August 2022, Appellant's mother would babysit three of Appellant's younger cousins in her home.  "On several occasions, while the children were together in the [basement] bedroom, [Appellant] initiated and engaged in sexual acts with the [cousins]." Juvenile Court Opinion, 7/12/24, at 1-2.  At the time of the adjudicatory hearing in 2024, Appellant was fourteen years old, C.J. was nine,[1] and the fraternal twins C.M.G. and K.M.G. were eight.  Although the cousins did not

_____

[1] Like the juvenile court, we refer to the oldest cousin by one of his nicknames because he shares the same initials as one of his siblings.

report the abuse to their parents in light of Appellant's threats toward them, their stepfather overheard a discussion about the acts sometime between Thanksgiving and Christmas of 2022. Thereafter, the cousins' mother contacted law enforcement, the children were interviewed, and a delinquency petition was filed against Appellant.

The juvenile court held hearings on January 22 and 29, 2024. At the conclusion, it placed Appellant on probation and adjudicated him delinquent of three counts of IDSI, three counts of sexual assault, and ten counts of indecent assault. The indecent assault adjudications broke down thusly: four counts pursuant to § 3126(a)(1), three as to § 3126(a)(3), and three under § 3126(a)(7).

This timely appeal followed. Both Appellant and the trial court have submitted original and supplemental concise statements and opinions in accordance with Pa.R.A.P. 1925. In this Court, Appellant presents the following issues for our consideration:

1. Whether there was insufficient evidence for an adjudication of four counts of indecent assault under 18 Pa.C.S. § 3126(a)(1) and three counts of all other offenses given the court's verdict?

2. Whether there was insufficient evidence for Appellant to be adjudicated delinquent on all counts of [IDSI] by threat of forcible compulsion under 18 Pa.C.S. § 3123(a)(2) where it was not proven beyond a reasonable doubt that Appellant made a threat of forcible compulsion against any of the complainants that would prevent resistance by a person of reasonable resolution?

3. Whether there was insufficient evidence for Appellant to be adjudicated delinquent on all counts of indecent assault by

threat of forcible compulsion under 18 Pa.C.S. § 3126(a)(3) as it was not proven beyond a reasonable doubt that [Appellant] made a threat of forcible compulsion against any of the complainants that would prevent resistance by a person of reasonable resolution?

4. Whether there was insufficient evidence for the counts of indecent assault of [a] person less than [thirteen] years of age under 18 Pa.C.S. § 3126(a)(7) to be graded as a felony of the third degree, as opposed to a misdemeanor, where none of the grading enhancements making it a felony under [§] 3126(b)(3) applied?

5. Whether previous counsel was ineffective under the Pennsylvania and U.S. Constitution by failing to file a post-disposition motion challenging the weight of the evidence?

Appellant's brief at 10-11 (some capitalization altered, reordered for ease of disposition).

Since the sufficiency challenges, if successful, would be dispositive, we first address them collectively. *See In re K.A.T., Jr.*, 69 A.3d 691, 695 (Pa.Super. 2013). We review such claims pursuant to the following, well-settled legal doctrines:

When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth. In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by wholly circumstantial evidence.

- 3 -

The facts and circumstances established by the Commonwealth need not be absolutely incompatible with a defendant's innocence. Questions of doubt are for the hearing judge, unless the evidence is so weak that, as a matter of law, no probability of fact can be drawn from the combined circumstances established by the Commonwealth. The finder of fact is free to believe some, all, or none of the evidence presented.

*Int. of J.C.N.*, 332 A.3d 1286, 1290 (Pa.Super. 2025) (cleaned up).

Appellant claims the Commonwealth failed to adduce sufficient evidence to establish the forcible compulsion element for indecent assault and IDSI. The challenged subsection of indecent assault provides as follows:

**(a) Offense defined.--**A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

. . . .

(3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution[.]

18 Pa.C.S. § 3126. Indecent contact encompasses "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101. Our courts have interpreted intimate parts as "any body part that is personal and private, and which the person ordinarily allows to be touched only by people with whom the person has a close personal relationship, and one which is commonly associated with sexual relations or intimacy." *Commonwealth v. Haahs*, 289 A.3d 100, 106 (Pa.Super. 2022) (cleaned up).

Regarding the pertinent subsection of IDSI, that offense is proven "when the person engages in deviate sexual intercourse with a complainant . . . by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution[.]" 18 Pa.C.S. § 3123(a)(2). The statute defines deviate sexual intercourse as, *inter alia*, oral or anal sex. **See** 18 Pa.C.S. § 3101.

Relevantly, this Court has highlighted that "[f]orcible compulsion means something more than mere lack of consent." **Commonwealth v. Gonzalez**, 109 A.3d 711, 721 (Pa.Super. 2015) (cleaned up). It refers, rather, to "[c]ompulsion by use of physical, intellectual, moral, emotional or psychological force, either express or implied." 18 Pa.C.S. § 3101. We consider the following non-exhaustive list of factors, under the totality of the circumstances, to determine whether a defendant has acted with forcible compulsion:

> [T]he respective ages of the victim and the accused, the respective mental and physical conditions of the victim and the accused, the atmosphere and physical setting in which the incident was alleged to have taken place, the extent to which the accused may have been in a position of authority, domination or custodial control over the victim, and whether the victim was under duress.

**Gonzalez**, 109 A.3d at 721 (cleaned up).

Beyond these specific challenges, Appellant also more generally avers that the juvenile court overcounted the number of offenses to which he could be adjudicated. He maintains that, "[a]t most, [he] should have been

adjudicated delinquent of three counts of indecent assault and two counts of all the remaining offenses" because the evidence supported only one encounter each as between Appellant and C.J. and K.M.G., and the court only found proof of one count of indecent assault as to C.M.G.[2]  *See* Appellant's brief at 21-22.

Our review of the record belies Appellant's sufficiency arguments.  As clarified by the Commonwealth at the conclusion of the hearing, it charged Appellant with four counts for each offense based upon the allegations of oral sex with C.J., oral sex with C.M.G., oral sex with K.M.G., and anal sex with K.M.G.   *See* N.T. Hearing, 1/29/24, at 18-19.   Additionally, there was testimony that Appellant inserted his penis into K.M.G.'s vagina and had all three children touch his penis with their hands.  Within this framework, the court announced its decision as follows:

> [T]he children are credible.  Bottom line.  I'm satisfied.  Now that being said, with regard to the child, [C.M.G.], his testimony was such that I was unable to determine exactly what happened with him.  Therefore, I find beyond a reasonable doubt regarding the child, [C.M.G.], that the only thing I will find there is the misdemeanor [two], indecent assault.  However, regarding [C.J.] and [K.M.G.], I find all of the charges[,] I'm satisfied beyond a reasonable doubt on all of the charges.

---

[2] Insofar as Appellant purports to challenge the lack of specificity within the delinquency petition, we agree with the juvenile court that he waived any claim in that regard by failing to lodge a timely objection.  *See* Juvenile Court Opinion, 11/6/24, at 2 (explaining why the issue was waived); N.T. Hearing, 1/29/24, at 24 (Appellant's counsel responding affirmatively when asked by the juvenile court if it was clear which charges were which as it pertained to Appellant's adjudications).

N.T. Hearing, 1/29/24, at 24; **see also** Juvenile Court Opinion, 7/12/24, at 9 (finding that Appellant "had oral sex with C.J. and K.M.G. and had C.M.G. touch [his] penis and engaged in anal sex with K.M.G.[, and t]here is no evidence that any of the [victims] consented to any such acts").

Our review confirms the court's conclusions. Taken together, the testimony of the children established that, on more than one occasion, Appellant placed his penis in C.J.'s hand and mouth, as well as in K.M.G.'s mouth, vagina, and anus. Although unclear about the alleged oral sex, C.M.G. testified that he did touch Appellant's penis with his hand. This conduct supports the number and type of adjudications.

As to Appellant's claim that the Commonwealth failed to prove forcible compulsion, the evidence established that Appellant was five to six years older than his cousins. The acts occurred in a room secluded away from the adults in the home, while the cousins were in the care of Appellant's mother. The children testified that Appellant forced them to do the acts and forbade them from telling anyone about what happened. Further, they complied with his demands because he was older, "bigger[,]" and they were afraid of him hitting them. **See** N.T. Hearing, 1/22/24, at 17, 32, 50-51, 73. Given the totality of the circumstances, we deem this evidence sufficient to establish the element of forcible compulsion for the three counts of IDSI and § 3126(a)(3) indecent assault. **See Gonzalez**, 109 A.3d at 721.

Along similar lines, Appellant challenges the felony grading of three of his adjudications of delinquency for indecent assault, which pertained to acts

against C.J. and K.M.G. He claims that the Commonwealth did not prove that any of the enhancements applied, and therefore the court erred in grading them as felonies. *See* Appellant's brief at 25. The court deemed this issue waived because Appellant did not challenge the grading at the time of the hearing. *See* Juvenile Court Opinion, 11/6/24, at 6.

Although framed as a sufficiency challenge, we recognize that, generally, "a claim that the court improperly graded an offense for sentencing purposes implicates the legality of a sentence."[3] ***Commonwealth v. Seladones***, 305 A.3d 83, 85 (Pa.Super. 2023) (cleaned up). Nonetheless, before automatically construing this claim as one implicating the legality of sentence, we must first "carefully scrutinize the substance of these purported non-waivable claims to ascertain whether the actual nature of the challenge is to the sentence or the conviction." ***Int. of D.P.***, 233 A.3d 847, 851 (Pa.Super. 2020). "One pertinent inquiry should be whether the record suggests a fatal problem with the sentence." ***Id***. (cleaned up). Additionally, we have held that "fact-driven matters are particularly ill-suited to characterization as implicating sentencing illegality where the claim depends upon particulars of the conviction." ***Id***. (cleaned up).

---

[3] Although Appellant was not sentenced because he was adjudicated as a juvenile, this Court has made clear that, "for purposes of our discussion on waiver and preservation of sentencing issues, we consider the trial court's dispositional order as the functional, if not technical, equivalent of a sentence." ***Int. of D.P.***, 233 A.3d 847, 850 (Pa.Super. 2020) (cleaned up).

Presently, the relevant rubric for determining the pertinent grading is detailed as follows:

**(b) Grading.--**Indecent assault shall be graded as follows:

. . . .

(3) An offense under subsection (a)(7)[, where the complainant is less than thirteen years old,] is a misdemeanor of the first degree unless any of the following apply, in which case it is a felony of the third degree:

(i) It is a second or subsequent offense.

(ii) There has been a course of conduct of indecent assault by the person.

(iii) The indecent assault was committed by touching the complainant's sexual or intimate parts with sexual or intimate parts of the person.

(iv) The indecent assault is committed by touching the person's sexual or intimate parts with the complainant's sexual or intimate parts.

18 Pa.C.S. § 3126. As is relevant here, "a course of conduct is established with evidence of multiple acts over time." ***Int. of D.P.***, 233 A.3d at 852 (cleaned up). Further, we reiterate that it is beyond doubt that the penis is a sexual part and the anus an intimate part. ***See Haahs***, 289 A.3d at 106. Finally, this Court has found that the mouth also constitutes an intimate part. ***Id***. at 107.

Appellant's grading challenge is premised upon the purported lack of evidence to establish any of the four subsections outlined in § 3126(b)(3) at the hearing. ***See*** Appellant's brief at 25 ("Appellant does not believe that any

- 9 -

of these conditions were shown at trial beyond a reasonable doubt[.]"). Thus, as raised in the instant appeal, the grading issue sounds in sufficiency to support the adjudication, not the legality of the dispositional order. ***See Int. of D.P.***, 233 A.3d at 851-52 (concluding that D.P. raised a sufficiency grading challenge where he did not cite the dispositional order and his "argument [wa]s plainly fact-driven as he [wa]s contesting . . . whether there was sufficient evidence to demonstrate the course of conduct necessary to justify a third-degree felony grading" (cleaned up)).

Critically, Appellant was not required to preserve a sufficiency challenge in the juvenile court, and he properly included it in his supplemental Rule 1925(b) statement. ***Id***. at 852 (holding that "other than the portion of his appellate argument regarding the sufficiency of the course of conduct evidence, [D.P.] has waived review of his allegation regarding lack of notice because he did not object below and failed to present the issue in his 1925(b) statement" (cleaned up)). Therefore, we decline to follow the juvenile court's suggestion that we find the issue waived and instead address its merits.

As detailed hereinabove, the evidence established that Appellant placed his penis into the mouth of C.J. and K.M.G., and inserted it into the anus and vagina of K.M.G. C.J. testified that these acts occurred more than once, on different days. ***See*** N.T. Hearing, 1/22/24, at 15-16. K.M.G. attested similarly that Appellant placed his penis in her mouth, her vagina, and her anus more than one time. ***Id***. at 71. In total, the record supported a finding that Appellant touched his sexual part to the victims' sexual or intimate parts,

and further demonstrated "the multiple acts over time that a course of conduct requires." ***Int. of D.P.***, 233 A.3d at 852 (cleaned up) (finding sufficient evidence of a course of conduct where the victim described earlier instances of sexual abuse and that the defendant abused her "again and again"). Therefore, we deduce that the evidence was sufficient to sustain the grading of his felony indecent assault adjudications.

Lastly, Appellant alleges that counsel rendered ineffective assistance by failing to file a post-dispositional motion challenging the weight of the evidence, thereby waiving that issue for appeal.[4] ***See*** Appellant's brief at 25. It is well-settled that we presume that counsel was effective. ***See In re K.A.T., Jr.***, 69 A.3d at 699. We review ineffectiveness claims mindful of the following principles:

> We must first consider whether the issue underlying the charge of ineffectiveness is of arguable merit. If not, we need look no further since counsel will not be deemed ineffective for failing to pursue a meritless issue. If there is arguable merit to the claim, we must then determine whether the course chosen by counsel had some reasonable basis aimed at promoting the client's interests. Further, there must be a showing that counsel's ineffectiveness prejudiced Appellant's case. The burden of producing the requisite proof lies with Appellant.

---

[4] We note that this claim is properly before us. ***See In re K.A.T., Jr.***, 69 A.3d 691, 697 (Pa.Super. 2013) ("Because of a juvenile's lack of access to collateral review, we have concluded that it is necessary to review a juvenile's ineffective assistance of counsel claims on direct appeal, when properly raised."); ***id***. at 698 (observing further that the juvenile may raise such a claim for the first time in a Rule 1925(b) statement).

*Id*. (cleaned up). While framed sequentially, the failure to meet any prong of this test will defeat the ineffectiveness claim. *Id*. at 703.

Since Appellant's underlying claim invokes a challenge to the weight of the evidence, we also consider these tenets:

> This Court applies the same standard for reviewing weight of the evidence claims in juvenile cases as those involving adults. An allegation that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. An appellate court, therefore, reviews the exercise of discretion, not the underlying question whether the verdict is against the weight of the evidence. Moreover, a court's denial of a motion for a new trial based upon a weight of the evidence claim is the least assailable of its rulings.

*In Int. of J.G.*, 145 A.3d 1179, 1187 (Pa.Super. 2016) (cleaned up).

Regarding the first prong, Appellant insists that the record showed that the victims' mother coached C.J. and K.M.G., and that the three cousins "were unable to recall certain details such as how many times these incidents took place or establish when Appellant (if ever) made a threat against them." Appellant's brief at 27. Secondly, he asserts counsel could have had no reasonable basis for failing to lodge a weight motion. Finally, Appellant alleges that he suffered prejudice from counsel's inaction because the weight claim "now must be raised in a layered ineffective assistance of counsel claim." *Id*. at 28.

Preliminarily, it is plain that counsel waived a weight claim for appeal by failing to raise it in the trial court. *See* Pa.R.J.C.P. 415 *Comment* ("The purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the juvenile court judge or it will be waived.").

- 12 -

However, that does not necessarily amount to ineffective assistance. In considering Appellant's underlying claim, the juvenile court explained that it "found the victims of the alleged offenses to be believable." Juvenile Court Opinion, 11/6/24, at 4. As such, the court determined that the weight challenge lacked merit and no prejudice resulted from counsel's inaction. ***Id***. Our review of the record confirms the juvenile court's credibility determinations. Since the court would have rejected any motion assailing the weight of the evidence if raised, and we would have discerned no abuse of its discretion in so ruling, Appellant has failed to establish prejudice. Accordingly, his ineffectiveness claim fails.

Based on the foregoing, we affirm the order of the juvenile court.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 6/16/2025